IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LEONARD QUINN,

      Plaintiff,

vs.                                                     No. 15-2452-JDT-dkv

RIDGEMONT SUPPORTIVE
LIVING ALLIANCE, KIM,
DR. SEAY, BRENDA, DEBRA
DILLON, AND GENE LAWRENCE,

      Defendants.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On July 6, 2015, the plaintiff, Leonard Quinn ("Quinn"), who lists his address as Western Mental Health Institute, Bolivar, Tennessee, filed a *pro se* complaint on a court-supplied form for violation of civil rights under 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on July 9, 2015, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.)

In his complaint, Quinn named Ridgemont Supportive Living Alliance ("Ridgemont") as a defendant along with the following five additional defendants: (1)Kim, whom he describes as a technician at Ridgemont, (2) Dr. Seay, (3) Brenda, (4) Debra Dillion, and (5) Gene Lawrence. This case has been referred to the United States Magistrate Judge for management and for all

pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I. PROPOSED FINDINGS OF FACT

This is the second case for violation of civil rights under 42 U.S.C. § 1983 that that Quinn has filed against Ridgemont this year. The first case, *Quinn v. Ridgemont Alliance Supportive Living Alliance*, Case No. 15-2296 (W.D. Tenn. 2015), was dismissed on June 11, 2015 for failure to state a claim upon which relief can be granted on the grounds that Quinn failed to plead that Ridgemont was acting under color of state of law and failed to state a plausible claim for violation of a constitutional right.

In the present case, Quinn's complaint consists of eight rambling, incoherent handwritten pages, largely duplicative of his previous complaint against Ridgemont. He alleges that technician Kim "eat [sic] all client's food that is sponsored by Governor Bill Haslem," and "stole letter Governor sent me at Western and the letter Commissioner Varney sent me also." (Compl. 1, 3, ECF No. 1.) He claims that Brenda was "sited [sic] going in the pantry on various time of night she be spotted stealing our kitchen," that Brenda called him "mentally retarded in front of Melva Hardaway," and that "Debra Dillion went back

on her word upon coming [sic] here." (*Id.* at 2; ECF No. 1-1 at 5.) He complains, among other things, of no insulation in the ceiling, wasps, chores he was required to perform, lack of grievance procedure, too many women, failure of the staff to thank him, and his medication. (ECF No. 1-1 at 4, 5.) He states he "was force [sic] to take medical malpractice by Dr. Seay." (ECF No. 1 at 3.)

In his statement for relief, Quinn asks for the following:

> Needs me highly compensated for work on random that I've done. Leadership of G . . . this facility. They don't even use Garbage Disposal at this facility, the Dishwasher floods and stay dysfunctional and my professionalism is . . . missed. Have the facility properly handle such as treat adults like kids, like I stated to Governor Kid Group Homes has more privileges and the same script I sent to Governor.

(ECF No. 1, ¶ V.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

  (i)   is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.  <u>Standard of Review for Failure to State a Claim</u>

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to

relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.

1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  <u>Quinn's Claims Under 42 U.S.C. § 1983</u>

Quinn brings this second claim against Ridgemont and the other five defendants again under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen

> of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) First, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Quinn's complaint in the present case suffers from the same infirmities that Quinn's previous complaint against Ridgemont did. Quinn fails to allege anywhere in his complaint that Ridgemont or any of the other defendants acted under color of state law. Based on the lack of any factual allegations in the complaint, the defendants named in the complaint do not satisfy the under color of state law requirement. Thus, Quinn has failed to plead the first element of a § 1983 claim. In addition, there are no factual allegations about a violation of a constitutional

right by Ridgemont or any of the defendants. Accordingly, Quinn has failed to plead the second element of a § 1983 claim.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim, pursuant to a pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), and judgment be entered for the defendants.

Respectfully submitted this 17th day of July, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.