# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| LEONARD E. QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2452-JDT-dkv |
| | ) | |
| RIDGEMONT SUPPORTIVE LIVING | ) | |
| ALLIANCE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN
GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

On July 6, 2015, Plaintiff Leonard E. Quinn, who was, at the time, a patient at the Western Mental Health Institute in Bolivar, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Diane K. Vescovo subsequently granted leave to proceed *in forma pauperis*. (ECF No. 4.) That order also directed Plaintiff to promptly notify the Clerk of any change of address and warned that failure to do so could result in dismissal without further notice. (*Id.* at 2.)

On July 17, 2015, Magistrate Judge Vescovo issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte*. (ECF No. 5.) Objections to the R&R were due within fourteen days. *See* Fed. R. Civ. P. 72(b)(2). However, Plaintiff's copy of the R&R was returned undeliverable on July 29, 2015, marked "return to sender" and "unable to forward."

(ECF No. 6.)  Plaintiff has submitted no change of address; therefore, his current whereabouts are unknown.  Plaintiff also filed no objections  to the R&R.

Plaintiff has sued Ridgemont Supportive Living Alliance ("Ridgemont"), Kim Last Name Unknown ("LNU"), Dr. Seay, Brenda LNU, Debra Dillion and Gene Lawrence.  The Magistrate Judge accurately described the allegations in the complaint as "rambling, incoherent [and] largely duplicative" of a previous complaint filed by Plaintiff against Ridgemont.  (ECF No. 5 at 2.)  She recommended dismissal for failure to state a claim because there are no factual allegations in the complaint suggesting that any of the Defendants acted under color of law.  Magistrate Judge Vescovo also found that Plaintiff did not allege that any of the Defendants violated his constitutionalrights.

Having reviewed the complaint and the law, the Court agrees that this case should be dismissed.  Therefore, the Court ADOPTS the R&R of the Magistrate Judge and hereby DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6), and for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed

in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE